304 Ga. 524
FINAL COPY

S18A0851, S18X0852. THE STATE v. HOLMES; and vice versa.

BENHAM, Justice.

In June 2015, cross-appellant Quantravious Antwan Holmes was convicted of malice murder and other offenses arising out of the shooting death of his friend Todd Burkes.[1] The trial court granted Holmes' motion for new trial on two grounds: on the ground that the court had erred by denying Holmes

_____

[1] The crimes occurred on October 22, 2013. On March 11, 2014, a Fulton County grand jury returned an indictment charging Holmes with malice murder; three counts of felony murder (armed robbery, aggravated assault, and possession of a firearm by a convicted felon); armed robbery; aggravated assault; possession of a firearm during the commission of a felony; and possession of a firearm by a convicted felon. A jury trial was conducted between June 22, 2015 and June 23, 2015, at the conclusion of which the trial court entered a directed verdict of acquittal on the charges of armed robbery and felony murder predicated on armed robbery. The jury returned a guilty verdict on all remaining charges. Holmes was sentenced to life imprisonment for malice murder and a five-year term of imprisonment for possession of a firearm by a convicted felon, to be served consecutive to the sentence for murder. The two felony murder convictions were vacated as a matter of law, and the trial court merged the two remaining guilty verdicts with the murder conviction, a ruling that the State has not challenged. See *Dixon v. State*, 302 Ga. 691, 698 (808 SE2d 696) (2017). Holmes filed a timely motion for a new trial on June 29, 2015, which was later amended. Following a hearing, the trial court granted the motion for new trial by order entered November 17, 2017. The State filed a timely notice of appeal, and the trial court granted Holmes' motion for an order allowing an out-of-time cross-appeal. The State's appeal was docketed in this Court to the April 2018 term of court as Case No. S18A0851; and the cross-appeal was docketed as Case No. S18X0852. The case was orally argued on August 6, 2018.

permission to enter into evidence portions of the recorded and transcribed statement of a person named Hamilton, who was not available to appear as a witness at trial; and on the general grounds as the "thirteenth juror." The State filed its notice of appeal from the order granting the motion for new trial, and Holmes was permitted to file an out-of-time notice of cross-appeal asserting insufficiency of the evidence to convict.

For the reasons that follow, we reject Holmes' assertion that the evidence was legally insufficient to support his conviction. We also vacate in part the trial court's order granting a new trial and remand the case to the trial court for further consideration pursuant to this opinion.

*Holmes' Cross-Appeal, Case No. S18X0852*

1. *Legal Sufficiency of the Evidence*

The evidence construed in a light most favorable to upholding the jury's verdict shows as follows. The murder occurred on a pedestrian bridge in downtown Atlanta at approximately 3:30 a.m. on October 22, 2013. Earlier in the evening, Holmes and Burkes were seen handling a "western style" revolver. They were seen together near the Greyhound Bus terminal, and Holmes was wearing a dark-colored hoodie with white stripes and a large white logo design on the front. A witness who knew both Holmes and the victim told

investigators that they were arguing over a woman they were both interested in dating. At trial, the witness denied the men were arguing or that she saw them with a pistol. She explained that she made these statements to the investigators in hopes of pleasing the police since she was facing a criminal charge. A second witness, who was a convicted felon, testified he saw Holmes and the victim arguing earlier in the day and that he also saw them passing around a revolver.

The two men were also seen in the early morning hours at a restaurant near the Five Points MARTA station, and contradictory evidence was presented about whether they were still arguing. They were last seen together at the entrance to the pedestrian bridge. Burkes' body was discovered on the bridge with several gunshot wounds that appeared to have been fired from a revolver that was never recovered. Also, Burkes' phone and wallet were missing. A resident of a nearby third-floor condo heard shots fired around 3:30 a.m. and then saw a person wearing a gray hoodie running away from the direction of the bridge. That witness could not identify the person, however, and did not notice any distinguishing markings on the hoodie. After the shooting, Holmes left Atlanta for New York.

Cross-appellant Holmes argues that the evidence was legally insufficient to support his conviction. OCGA § 24-14-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Evidence was presented that a person named Hamilton had possession of the victim's phone shortly after the time of the shooting. From this, Holmes argues the State failed to exclude the reasonable hypothesis that Hamilton killed the victim and thus failed to meet the evidentiary standard for proving Holmes committed the crimes charged. Questions about the reasonableness of other hypotheses in cases based on circumstantial evidence, however, are for the trier of fact to decide. *Winston v. State*, 303 Ga. 604, 607 (814 SE2d 408) (2018); see *Nichols v. State*, 292 Ga. 290, 291 (736 SE2d 407) (2013). Having reviewed the record, we conclude the jury was authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt. In such a case, the jury's finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. See *Neely v. State*, 302 Ga. 121, 123 (1) (805 SE2d 18) (2017); *Smiley v. State*, 300 Ga. 582, 586 (1) (797 SE2d 472) (2017).

Relying upon *Moore v. State*,[2] Holmes argues that mere presence at the scene of a crime is insufficient to establish guilt beyond a reasonable doubt, even when the evidence establishes a motive and the defendant flees the state after the crime. The evidence in this case establishes more than mere presence and motive, however, in that evidence was presented from which the jury could find Holmes was in possession of a weapon hours before the shooting that was similar to the type of gun from which the fatal bullet was fired. Additionally, a person dressed similarly to Holmes was seen fleeing the scene immediately after shots were fired. On criminal appeal, the defendant is no longer presumed innocent and all of the evidence is to be viewed in the light most favorable to the jury verdict. *Batten v. State*, 295 Ga. 442, 443 (1) (761 SE2d 70) (2014). This Court does not reconsider evidence or attempt to confirm the accuracy of testimony. *Id.* So long as there is some competent evidence, even if contradicted, to support each fact necessary to the State's case beyond a

---

[2] 255 Ga. 519, 521 (1) (340 SE2d 888) (1986). In *Moore*, two brothers were charged in the bludgeoning death of the victim after they were present at the victim's home earlier in the day of the murder. The appellant brother accompanied the other on a trip out of town the day after the murder was committed. This Court reversed the appellant brother's conviction on the ground that insufficient evidence was presented to demonstrate he participated with his brother in the victim's murder.

reasonable doubt, the jury's verdict will be upheld. *Johnson v. State*, 296 Ga. 504, 505 (1) (769 SE2d 87) (2015).

We conclude the evidence was sufficient for a jury to find Holmes guilty beyond a reasonable doubt pursuant to the standard set forth in *Jackson v. Virginia*.[3] Accord *Robbins v. State*, 269 Ga. 500 (499 SE2d 323) (1998) (holding the evidence was legally sufficient to support a murder conviction in a case in which the defendant and victim had previously fought over a woman and the defendant was observed carrying a gun similar to the one used in the murder even though no murder weapon was found). We therefore affirm the portion of the trial court's order ruling that the evidence was sufficient.

*State's Appeal, Case No. S18A0851*

2. *Grant of New Trial on the Trial Court's Conclusion It Committed Evidentiary Error*

One of the State's assertions on appeal is that the trial court erred in granting the motion for new trial based on its conclusion that it wrongly denied Holmes permission to introduce a portion of the statement made by Hamilton and required Holmes, instead, to introduce all or none of that statement. Because the trial court did not properly apply the rules of evidence to its

---

[3] 443 U. S. 307, 324 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

analysis of this issue, we vacate the order granting a new trial on this ground and remand for further consideration in accordance with this opinion.

(a)    Information gleaned from Burkes' phone records showed the phone was still being used at the time that information was gathered, and had been used at a location at or near the crime scene shortly after the time of the shooting. The records led the police to Colin Hamilton, who told an investigator in an interview two weeks after the shooting that he found Burkes' body and took the cell phone from next to it because the phone belonged to him. Hamilton said the phone was stolen from him on the night of the murder by two men, and he described their clothing and appearance.  Hamilton stated one man was holding a revolver and was wearing a gray hoodie, while the other man was wearing clothing that matched the victim's clothing.  Hamilton could not identify Holmes when given a photo lineup that included Holmes' picture. Hamilton was unavailable for trial, and the State filed a pre-trial motion seeking to exclude the admission of Hamilton's statement on hearsay grounds. Holmes sought to introduce certain portions of Hamilton's statement, arguing it was admissible under the "necessity" exception to the hearsay rule.[4]  Holmes

---

[4] Because this case was tried after the 2013 effective date of Georgia's new Evidence Code, the former "necessity" exception to the rule against hearsay, described in former OCGA § 24-3-1,

wanted to introduce that portion of the statement in which Hamilton stated he found his own phone on the bridge near the victim's body, which had been taken from him in a robbery, but Holmes did not want to introduce other portions in which Hamilton stated he was robbed by the victim and a person wearing a gray hoodie or that he had seen the victim and that other person walk onto the pedestrian bridge just two minutes before hearing gunshots. Holmes argued that the portion of Hamilton's statement that he picked up the phone next to a dead body was reliable hearsay because it was an admission against Hamilton's interest since it showed he had motive and opportunity to be involved in the victim's shooting. But because the trial court ruled that the defense would be required to enter Hamilton's statement in its entirety, Holmes did not present the statement to the jury.

Through phone records and other evidence, the defense presented evidence at trial that Hamilton was in possession of the phone after the victim was killed. But without the admission of Hamilton's statement that he took the phone when he found it near the victim's body, the State was able to argue that Hamilton could have come into possession of the phone by some other

---

was not applicable in this case. Instead, that exception is now encompassed by the residual exception to hearsay, codified at OCGA § 24-8-807.

means, even though the State knew, but the jury did not, that Hamilton stated he took the phone from the crime scene. In its order granting Holmes' motion for a new trial, the trial court concluded it had erred in its evidentiary ruling regarding the admissibility of Hamilton's statement in that Holmes should have been permitted to introduce a portion of the statement under the residual exception to hearsay, and that Holmes should not have been required to introduce the entire statement, including the portions that would have been prejudicial to him. The State appeals this ruling.

Rule 807 of Georgia's Evidence Code, OCGA § 24-8-807, governs the admission of hearsay testimony under the residual hearsay exception. That Code section states in relevant part:

> A statement not specifically covered by any law but having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that: (1) The statement is offered as evidence of a material fact; (2) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence....

Rule 807 is borrowed from the Federal Rules of Evidence and is not a rule that was carried over from Georgia's former Evidence Code. *Jacobs v. State*, 303 Ga. 245, 249 (2) (811 SE2d 372) (2018). When Georgia courts consider the

meaning of provisions borrowed from the Federal Rules of Evidence, they are guided by the "decisions of the federal appeals courts construing and applying the Federal Rules, especially the decisions of the Eleventh Circuit." (Citation and punctuation omitted.) Id. A trial court's decision to admit hearsay evidence under Rule 807 is reviewed for an abuse of discretion. *Tanner v. State*, 301 Ga. 852, 856 (1) (804 SE2d 377) (2017) (citing *Rivers v. United States*, 777 F3d 1306, 1312 (II) (11th Cir. 2015)). This Court is "particularly hesitant to overturn a trial court's admissibility ruling under the residual hearsay exception absent a definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors." (Citation and punctuation omitted.) *Thompson v. State*, 302 Ga. 533, 544 (IV) (807 SE2d 899) (2017). These factors include a consideration of the trustworthiness of the original declarant, given the circumstances in which they were first made, and whether guarantees of trustworthiness exist

> that are *equivalent* in significance to the specific hearsay exceptions enumerated in Federal Rules of Evidence 803 and 804. Therefore, such guarantees must be equivalent to cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history.

(Citation and punctuation omitted; emphasis in original.) *Rivers v. United States*, supra, 777 F3d at 1314 (II) (A). Quoting *Rivers*, this Court has stated the residual hearsay exception should be used very rarely and only in exceptional circumstances. See *Jacobs v. State*, supra, 303 Ga. at 249 (2).

It is clear in this case that the trial court did not properly apply Rule 807 because in analyzing whether Hamilton's statement to the police had sufficient guarantees of trustworthiness, in its ruling on the motion for new trial it relied primarily upon cases decided under Georgia's former Evidence Code, which are no longer applicable. The trial court concluded Hamilton's statement to the police officer was reliable and admissible under the residual exception without considering whether this was an exceptional circumstance in which the guarantees of trustworthiness were the equivalent to those found in the other statutory exceptions to hearsay set forth in Rules 803 and 804 of Georgia's Evidence Code, OCGA §§ 24-8-803 and 24-8-804.[5] Accordingly, we vacate the grant of a new trial on this ground, remand the case to the trial court, and direct the court to apply the appropriate evidentiary standard to its analysis of

---

[5] Georgia Rules of Evidence 803 and 804 are substantially identical to the corresponding Federal Rules.

whether, as Holmes urges, Hamilton's statement was admissible under the residual exception to hearsay.

(b)    At trial, the court ruled that the entirety of Hamilton's statement would have to be admitted if Holmes sought to admit any part of it.  In the order granting new trial, however, the court concluded it had erred at trial because the "rule of completeness"[6] does not require the entirety of Hamilton's statement to be admitted.  It reasoned that Hamilton's statement about hearing gunshots immediately after seeing Holmes and Burkes going onto the bridge was a separate statement that was not relevant to the issue raised by Hamilton's statement that he took the phone from the crime scene when he found Burkes' body on the bridge.  On appeal, the State asserts that to permit one part, but not the entirety, of Hamilton's statement to be introduced on retrial, if one is conducted, would improperly hide the truth rather than reveal the truth.

---

[6] The trial court cites and quotes OCGA § 24-8-822 as what it refers to as the rule of completeness.  We note, however, that the cited statute is included in the hearsay chapter of the Evidence Code and refers to the admission of a party and the right of the other party to have the whole admission admitted into evidence.  Hamilton is not a party in this case, and thus his statement cannot be deemed to be a party admission.  Instead, the rule of completeness is codified at OCGA § 24-1-106:  "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which, in fairness, should be considered contemporaneously with the writing or recorded statement."

The rule of completeness, OCGA § 24-1-106 (quoted in footnote 6), is concerned with fairness. When one party has introduced a portion of a writing or recorded statement, an adverse party may require the introduction of an omitted part "which, in fairness, should be considered contemporaneously with the writing or recorded statement." Here, the trial court did not permit Holmes to introduce part, but not all, of Hamilton's statement and so the State did not seek to introduce any other part of it. Instead, at trial, the State opposed the introduction of any portion of Hamilton's statement on the ground that the statement lacked sufficient guarantees of trustworthiness. On remand and after applying the proper analysis for determining the admission of Hamilton's statement, if the trial court again concludes at least some of Hamilton's statement is admissible, it should next consider whether the court's pre-trial ruling that the State could require the additional portion of the statement to be introduced contemporaneously with the portion introduced by Holmes was correct under OCGA § 24-1-106. If the pre-trial ruling was correct, then this claim would not be a basis for a new trial.

3. *Grant of New Trial on the General Grounds*

In its order granting Holmes' motion for new trial, the trial court also granted a new trial under the general grounds as the "thirteenth juror." The

order recited that the decision to grant a new trial on the general grounds was based, in part, upon the trial court's conclusion that evidence had been erroneously excluded.

The judge presiding over the trial of a case may grant a new trial "when the verdict of a jury is found contrary to evidence and the principles of justice and equity . . . ." OCGA § 5-5-20. The presiding judge, in the exercise of sound discretion, may grant a new trial in a case in which "the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21. The grounds set forth in these statutes are commonly known as the "general grounds" for new trial, and this Court has stated that OCGA § 5-5-21 authorizes the trial judge to sit as a "thirteenth juror" and to exercise his or her discretion to weigh the evidence on a motion for new trial alleging these general grounds. See, e.g., *Gomillion v. State*, 296 Ga. 678, 680 (2) (769 SE2d 914) (2015); *Choisnet v. State*, 292 Ga. 860, 861 (742 SE2d 476) (2013). Pursuant to this statute, a trial judge is vested with the "strongest of discretions" to review a case and to set the verdict aside if the judge is not satisfied with it. *Manuel v. State*, 289 Ga. 383, 386 (2) (711 SE2d 676) (2011). Appellate courts will not disturb the first grant of a new trial based on the general grounds unless

there has been a clear abuse of the trial court's substantial discretion. See *State v. Hamilton*, 299 Ga. 667, 670-671 (2) (791 SE2d 51) (2016). A trial court, however, does not properly exercise its discretion when it applies an improper legal standard of review, as opposed to its own discretion as the thirteenth juror, to the general grounds for new trial.

Here, the order granting Holmes' motion for new trial on the general grounds as the "thirteenth juror" recites that it was made after considering the conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. But it also cites as a ground for granting the motion on the general grounds the evidentiary error the court concluded it made at trial with respect to excluding Hamilton's statements to the investigator unless all, and not just a portion, of the statement was admitted. Because this legal ground for granting the motion does not comply with OCGA §§ 5-5-20 and 5-5-21, we vacate the grant of the motion for new trial on the general grounds and remand the case to the trial court for its consideration of the motion after applying the appropriate discretionary standard.

Judgment affirmed in Case No. S18X0852. Judgment vacated in Case No. S18A0851, and case remanded with direction. All the Justices concur.

Decided October 9, 2018.

Murder. Fulton Superior Court. Before Judge Goger.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Marc A. Mallon, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellant.

Suzanne M. Tevis, Tamara N. Crawford, for appellee.