311 Ga. 288
FINAL COPY

S21A0086.  SMITH v. THE STATE.

BOGGS, Justice.

Appellant Nakotah Javez Smith challenges his 2019 convictions for malice murder and other crimes in connection with the shooting death of his girlfriend, Crystal Vega.[1] Appellant does not dispute that the evidence presented at trial was legally sufficient

---

[1] The shooting occurred on June 15, 2018. On September 14, 2018, a Floyd County grand jury indicted Appellant for malice murder, felony murder, family violence aggravated battery, two counts of family violence aggravated assault, two counts of cruelty to children in the third degree, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. At a trial from September 30 to October 2, 2019, the jury found Appellant guilty of all charges. On October 25, 2019, the trial court sentenced Appellant to serve life in prison for malice murder, consecutive terms of five years each for the two firearm possession convictions, and consecutive terms of twelve months each for the two cruelty to children convictions. The trial court correctly treated the felony murder verdict as surplusage, see *Malcolm v. State*, 263 Ga. 369, 372 (434 SE2d 479) (1993), and the court merged the remaining guilty verdicts. On October 28, 2019, Appellant filed a motion for new trial, which he amended with new counsel on March 13, 2020. The trial court held a hearing on May 27, 2020, and denied the motion on June 29, 2020. Appellant filed a timely notice of appeal, and the case was docketed in this Court to the term beginning in December 2020 and submitted for a decision on the briefs.

to support his convictions.[2] Instead, he claims that the trial court erred by admitting hearsay evidence under the residual exception, OCGA § 24-8-807, without first explicitly making the determinations required by OCGA § 24-8-807 (1)-(3), and that the court improperly relied on cases decided under the old Evidence Code.[3] Although the better practice is for trial courts to state on the record that each requirement of OCGA § 24-8-807 has been met and

---

[2] This Court no longer routinely reviews sua sponte the sufficiency of the evidence in direct appeals in non-death penalty murder cases. See *Davenport v. State*, 309 Ga. 385, 399 (846 SE2d 83) (2020).

[3] OCGA § 24-8-807 provides in full:

A statement not specifically covered by any law but having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that:

(1)     The statement is offered as evidence of a material fact;

(2)     The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

(3)     The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.

However, a statement may not be admitted under this Code section unless the proponent of it makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

why, we conclude that the trial court did not abuse its discretion in failing to do so here. See *Davenport v. State*, 309 Ga. 385, 390 (846 SE2d 83) (2020) (holding that a trial court's decision to admit hearsay under the residual exception is reviewed only for abuse of discretion). And the record does not show that the trial court improperly relied on cases interpreting the old Evidence Code in admitting the challenged hearsay evidence. Accordingly, we affirm.

At the time of the shooting, Appellant and Vega were alone in their apartment with Vega's son, J. S., who was two years old, and Vega and Appellant's son, D. S., who was not yet one year old. Appellant asked two neighbors for help getting Vega into his car, telling them that Vega shot herself. One of the neighbors drove Vega to the hospital, and although there was room in the car for Appellant, he did not go. Instead, he went back into his and Vega's apartment, grabbed some bags, and walked up the street, telling the other neighbor to take care of J. S. and D. S. Vega died the next day. In the hours after the shooting, J. S. repeated over and over to several witnesses that "Daddy" (meaning Appellant) shot his mother

3

(Vega). According to the medical examiner, Vega, who was right-handed, died from a single gunshot wound to the left side of her head that "essentially shattered" the left side of her brain, and the manner of death was homicide, not suicide.

Before trial, the State filed a Notice of Intent to Introduce Evidence Pursuant to OCGA § 24-8-807 of, among other things, statements by Vega to her sisters and a close friend that Appellant had committed prior acts of domestic violence against her. The State asserted in its Notice that it was offering Vega's statements as evidence of a material fact, specifically, the relationship between Appellant and Vega; that the statements were more probative on that point than any other evidence that the State could procure through reasonable efforts; and that the general purposes of the rules of evidence and the interests of justice would be best served by admitting the statements. See OCGA § 24-8-807 (1)-(3). The State requested a hearing to determine whether the statements were admissible. Two weeks later, Appellant filed a Motion in Limine to exclude, among other things, Vega's statements about "prior alleged

4

instances of domestic violence" made in conversations with her sisters and a close friend, as well as in text messages to the friend, on the ground that the statements were inadmissible hearsay.

At a pretrial hearing, Appellant argued that in order to admit a hearsay statement under the residual exception (which he erroneously referred to as the "necessity exception"), the State had to show that the statement was "more probative" on an issue "than any other evidence." The State responded that it did not have "any other ways of procuring that information," that is, the information contained in the hearsay statement. Later, referencing Vega's statements to her sisters and close friend about Appellant's prior abuse, the court said, "[T]he new [E]vidence Code . . . I think allows these things." The State argued:

> [T]he necessity exception was replaced with residual hearsay. And I think under residual hearsay these statements do come in. It's kind of what I was saying earlier. It goes to prove a material fact . . . and the State doesn't have any other opportunity. Obviously, if [Vega] were alive, it would be prior difficulties between the parties and certainly relevant in this case.

The court reserved ruling on the admissibility of the statements under OCGA § 24-8-807, telling Appellant to "make your objection at the time . . . if you believe that evidence is being offered that is improper."

At trial, Appellant raised hearsay objections when the State asked Vega's sisters and close friend about Vega's statements to them and when the State sought to introduce text messages between Vega and the friend. The State responded that the evidence was admissible under the residual exception to the rule against hearsay, and the court overruled Appellant's hearsay objections.

In his brief on appeal, Appellant does not dispute that the State provided sufficient notice, that Vega's statements about Appellant's prior acts of domestic violence carried sufficient circumstantial guarantees of trustworthiness, or even that the statements would have been admissible if the trial court had explicitly made the determinations required by OCGA § 24-8-807 (1)-(3). He contends only that the trial court failed to make those determinations on the record before admitting the statements and improperly relied on

6

cases interpreting the necessity exception contained in the old Evidence Code. See former OCGA § 24-3-1 (b). These claims lack merit.

Appellant cites no authority for the proposition that a trial court must explicitly determine on the record that each requirement of OCGA § 24-8-807 has been met before admitting hearsay under the residual exception. Nothing in the statute itself requires a trial court to make on-the-record determinations, and the Advisory Committee Notes to the Federal Rules of Evidence state only that "[i]n order to establish a well-defined jurisprudence, the special facts and circumstances which, in the court's judgment, indicate[ ] that the statement has a sufficiently high degree of trustworthiness and necessity to justify its admission *should be* stated on the record." Fed. R. Evid. 803 (24) Advisory Committee Notes on 1974 enactment (emphasis supplied).[4] The United States Supreme Court has not yet

---

[4] In 1997, the residual exceptions contained in Federal Rules of Evidence 803 (24) and 804 (b) (5) were consolidated as Rule 807. See Fed. R. Evid. 807 Advisory Committee Notes on 1997 amendments. The Advisory Committee Notes to the Federal Rules of Evidence are highly persuasive in interpreting

addressed this issue in interpreting the federal rules, but in 1985, the United States Court of Appeals for the Eleventh Circuit held that a trial court properly admitted hearsay evidence under what is now Federal Rule of Evidence 807, even though the trial court did not explain why the general purposes of the rules of evidence and the interests of justice would best be served by admitting the hearsay. See *Branca ex rel. Branca v. Security Benefit Life Ins. Co.*, 773 F2d 1158, 1161 (11th Cir. 1985), modified on other grounds by 789 F2d 1511 (11th Cir. 1986).[5] Thus, Appellant's claim that the trial court abused its discretion in admitting the hearsay evidence based on the absence of explicit determinations lacks merit. See *Kemp v. State*, 303 Ga. 385, 393 (810 SE2d 515) (2018) (affirming trial court's admission of hearsay statements under OCGA § 24-8-801 (d) (2) (E)

---

provisions of Georgia's current Evidence Code such as OCGA § 24-8-807 that are materially identical to provisions of the Federal Rules of Evidence that were in effect when the current Evidence Code was adopted. See *State v. Almanza*, 304 Ga. 553, 556, 559 n.6 (820 SE2d 1) (2018).

[5] See also 30B Jeffrey Bellin, Fed. Prac. & Proc. Evid. § 7068 (2020 ed.) (Wright & Miller) (noting that "the requirement of findings did not make it into the actual text of the residual exception" and that "[o]nly the Ninth Circuit seems to specifically require findings," but "[t]hat said, specific findings on each of the rule's criteria will strengthen a district court's ruling against appellate challenge").

even though "the trial court did not make any express factual findings," because "we can infer from its denial of the [defendants'] motions [in limine to exclude the statements] that it implicitly found that [they] were made in the course of and in furtherance of a conspiracy").

Moreover, Appellant's claim that the trial court improperly relied on cases decided under the old Evidence Code is unsupported by the record. In his brief on appeal, Appellant asserts that at the pretrial hearing, "the State presented as authority and [the trial court's] ruling was limited to *Clark v. State*, 271 Ga. 6 [(515 SE2d 155)] (1999), and *McWilliams v. State*, 271 Ga. 655 [(521 SE2d 824)] (1999)." However, the transcript of the hearing shows that it was *Appellant*, not the State, who repeatedly referred to the "necessity exception" and brought up *Clark* and *McWilliams*. The court responded, "How does the new [E]vidence Code affect those cases? . . . [T]he new [E]vidence Code . . . I think allows these things." The State then correctly said that "the necessity exception was replaced with residual hearsay." Contrary to Appellant's claim, nothing in the

record here suggests that the trial court relied on cases decided under the old Evidence Code in admitting Vega's statements — unlike *State v. Holmes*, 304 Ga. 524 (820 SE2d 26) (2018), where it was "clear" that the trial court did not properly apply OCGA § 24-8-807 in determining whether a hearsay statement was admissible, because the court's order on the defendant's motion for new trial relied primarily on cases decided under the old Evidence Code. Id. at 530. Accordingly, we affirm.

*Judgment affirmed. All the Justices concur.*

Decided April 19, 2021.

Murder. Floyd Superior Court. Before Judge Matthews, Senior Judge.

*Steven A. Miller*, for appellant.

*Leigh E. Patterson, District Attorney, Emily G. Johnson, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, William C. Enfinger, Assistant Attorney General*, for appellee.