**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 2, 2023**

# In the Court of Appeals of Georgia

A22A1614. GLOBAL EDUCATION-SAT ACADEMY, LLC et al.
     v. DF DULUTH, LLC et al.

DOYLE, Presiding Judge.

Global Education-SAT Academy, LLC ("Global"), and Hyun Jae Lee (collectively, the "Appellants") appeal from the trial court's judgment in favor of DF Duluth, LLC and NP Giant Duluth, LLC (collectively, the "Landlords"). The Appellants argue that: (1) the Landlords did not have standing to sue under a lease between Global and the previous owner; (2) the trial court erred in adopting non-well-pled allegations in the complaint after finding the Landlords in default; (3) the trial court erred in adopting a contempt order drafted by the Landlords; and (4) the trial court erred in granting a motion to compel against the Appellants. For the reasons set forth infra, we affirm.

On appellate review of a bench trial, the factual findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. In bench trials, the judge sits as trier of fact, and the court's findings are analogous to a jury's verdict and should not be disturbed if there is any evidence to support them.[1]

So viewed, the record shows the following. Global was a commercial tenant of a shopping center in Duluth. The Landlords purchased the shopping center in 2016. In 2017, the Landlords sued the Appellants, alleging that they had failed to pay rent. The Landlords later filed an amended complaint , asserting a voidable transfer claim against Lee. The Landlords contended that Lee had transferred Global assets to himself and a new college-planning venture, and that Lee was the successor-in-interest to Global.

During discovery, the Landlords filed a motion to compel seeking answers to interrogatories and bank records. The trial court largely granted the Landlords' motion to compel, which compelled the Appellants to produce, among other things,

---

[1] (Citations and punctuation omitted.) *Rivers v. Revington Glen Investments*, 346 Ga. App. 440 (816 SE2d 406) (2018).

the accounting and bank records. The Landlords filed a motion for contempt after it had not received the requested records.

At the hearing on the motion, the Appellants argued, among other things, that their banks held the records, not the Appellants, and therefore the Appellants did not need to request the records from the bank. The trial court found that the Appellants' failure to comply with the order to compel was willful. The court struck the Appellants' answer and entered default against them.

The trial court held a bench trial on two remaining issues — the Landlords' standing and additional damages incurred since the beginning of the lawsuit. The court found that the Landlords had standing and entered a judgment in favor of the Landlords for $604,876.91. This appeal followed.

"[A] trial court's decision with respect to standing will not be reversed absent clear error, although we review de novo any questions of law inherent in that decision."[2] "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision

---

[2] (Citation and punctuation omitted.) *Callaway Blue Springs v. West Basin Capital*, 341 Ga. App. 535, 537 (1) (801 SE2d 325) (2017).

on such matters unless there has been a clear abuse of discretion."[3] With these guiding principles in mind, we now turn to the Appellants' claims of error.

1. The Appellants argue that the Landlords did not have standing to sue under the lease. The Appellants contend that Wells Fargo Bank was the actual owner of the property because it held a security deed.

"As a general rule, the law requires that one must be a party to a contract in order to enforce its provisions."[4] "A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee."[5]

Unlike a traditional mortgage, the Landlords executed a deed to secure debt with Wells Fargo Bank in order to finance their acquisition of the property. A deed

---

[3] (Citation and punctuation omitted.) *Wyatt Processing v. Bell Irrigation*, 298 Ga. App. 35 (679 SE2d 63) (2009).

[4] *Ponder v. CACV of Colorado*, 289 Ga. App. 858, 859 (658 SE2d 469) (2008); see OCGA § 9-2-20 (a) ("As a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent.").

[5] (Citation and punctuation omitted.) *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009).

4

to secure debt transfers legal title to the lender, while a mortgage only acts as a lien on the property.[6] "Although a deed to secure debt conveys legal title in the property to the lender, the borrower retains an equitable title and the right to regain or redeem legal title by payment of the secured indebtedness; the borrower also retains the right of possession."[7]

In this case, the security deed between Wells Fargo and the Landlords allowed the Landlords to remain in possession of the property; use, operate, and manage the property; and collect rent. Because "the language used in the deed[ ] in this case can be read as an assignment" of Wells Fargo's ability to collect rent to the Landlords, the trial court did not clearly err in finding that the Landlords had standing to enforce the lease against the Appellants.[8]

---

[6] See *Cole v. Cates*, 110 Ga. App. 820, 823 (1) (c) (140 SE2d 36) (1964) ("In this State a deed to secure a debt is not the same as a mortgage. Such a deed conveys title; a mortgage is only a lien.") (citation and punctuation omitted).

[7] (Citations and punctuation omitted.) *Galt Automotive Properties v. Advesco, LLC*, 357 Ga. App. 304, 305 (2) (850 SE2d 759) (2020); see OCGA § 44-14-60.

[8] *Level One Contact v. BJL Enterprises*, 305 Ga. App. 78, 80 (1) (a) (699 SE2d 89) (2010); see also *Galt*, 357 Ga. App. at 305-306 (2) (holding that the borrower could recover reforestation damages, despite not holding legal title to the property, because the borrower retained equitable title and right of possession).

The Appellants, citing *Perdue v. Lake*,[9] also contend that the trial court should have immediately resolved the standing issue rather than waiting until trial. The Appellants misread *Lake*. While "standing must be determined at the time at which the plaintiff's complaint is filed[,]"[10] that means that "the plaintiff must be able to show that he or she has been harmed at the time that the complaint is filed"[11] — not that the trial court must immediately resolve standing. Because the Landlords acquired the property in 2016 and filed suit in 2017, the trial court did not clearly err in waiting until trial, and hearing evidence, before deciding standing.

2. The Appellants argue that the trial court erred in adopting non-well-pled allegations in the complaint as a result of the Appellants' default.

If a defendant is in default, then the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence[.]"[12] However,

---

[9] 282 Ga. 348 (647 SE2d 6) (2007).

[10] (Citations and punctuation omitted.) Id. at 348 (1).

[11] Id.

[12] OCGA § 9-11-55 (a).

it is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. . . . So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.[13]

After entering default against the Appellants, the trial court ordered the parties to submit briefs "regarding what matters in [the complaint were] conclusively established by [the court's] default order, and what matters [the Appellants] intended to dispute." The Appellants, however, did not specify which allegations in the complaint were admitted due to the default, and instead conclusorily stated that they intended to dispute "the existence of a legitimate landlord tenant relationship[,] interest rate, termination of the lease, calculations of attorneys fees[,] and allegations of fraudulent conduct." The trial court subsequently entered an order listing the facts established because of the default, which included the amount of past due rent and the

---

[13] (Citation and punctuation omitted.) *Willis v. Allstate Ins. Co.*, 321 Ga. App. 496, 498 (740 SE2d 413) (2013).

7

interest rate, and that Lee commingled assets with Global and transferred Global assets to himself while Global was insolvent and not for reasonably equivalent value.

The Appellants do not present any argument or authority on this issue in their appellate brief. They argue only that the trial court adopted non-well-pled allegations because there were "no statements . . . in the [complaint] alleging facts as to who did what, when, where or how." Their brief does not specify which allegations in the complaint or facts adopted by the trial court that were not well-pled. The one case cited by the Appellants is inapposite.[14] Accordingly, the Appellants failed to present and adequately argue this issue in their appellate brief and thus waived the issue on appeal.[15]

3. The Appellants argue that the trial court erred in adopting a contempt order drafted by the Landlords.

---

[14] The Appellants cited *RES-GA Hightower v. Golshani*, 334 Ga. App. 176, 178-182 (1) (778 SE2d 805) (2015), in which this Court held that a creditor who obtained the debt through assignment could not bring a claim under a prior version of Uniform Fraudulent Transfer Act (UFTA). The General Assembly amended the UFTA to define "creditor" to include successors and assigns, see id. at 180-181 (1) (b), and the version of the statute in effect at the time of the voidable transfers alleged in this case included this revised definition. See OCGA § 18-2-71 (4) (2017).

[15] See *Alpha Balanced Fund v. Irongate Performance Fund*, 342 Ga. App. 93, 105-106 (4) (802 SE2d 357) (2017).

"It is well established that a trial court may request and then adopt a proposed order from one party."[16] "[E]ven orders prepared ex parte do not violate due process and should not be vacated unless a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair."[17]

In this case, the trial court held a hearing on the Landlords' motion for contempt and considered each of the arguments presented by the Appellants. The Appellants have "had a full opportunity to present [their] arguments in the trial court [and] the trial court in this case does not appear to have uncritically accepted findings prepared without judicial guidance by the prevailing party."[18] Accordingly, the trial court did not err in utilizing an order drafted by the Landlords.

4. Although the brief is difficult to follow on this issue, the Appellants appear to argue that the trial court erred in granting the motion to compel against them because the court had previously rejected the Landlords' subpoenas filed against the Appellants' banks.

---

[16] *State v. Holmes*, 306 Ga. 647, 651 (2) (832 SE2d 777) (2019).

[17] (Citation and punctuation omitted.) Id. at 651-652 (2).

[18] (Citations and punctuation omitted.) *Fuller v. Fuller*, 279 Ga. 805, 807 (1) (621 SE2d 419) (2005).

During discovery, the Landlords attempted to subpoena several third-party financial institutions for the production of evidence. The Appellants moved to quash the subpoenas, which the trial court granted because the court found that the subpoenas failed to comply with the requirements of OCGA § 24-13-21.

The trial court compelled the Appellants, not the nonparty financial institutions, to produce the financial records under OCGA § 9-11-34. As such, the court's order to compel did not contradict its other order granting the motion to quash. We thus discern no abuse of discretion, "particularly in light of the wide latitude given to [trial courts to] make complete discovery possible[.]"[19]

5. The Landlords' motion for frivolous appeal sanctions is denied.

*Judgment affirmed. Hodges, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[19] *WellStar Kennestone Hosp. v. Roman*, 344 Ga. App. 375, 378 (810 SE2d 600) (2018).