## S13A0794. WHITE v. THE STATE.

(753 SE2d 115)

BLACKWELL, Justice.

Adrian White was tried by a Fulton County jury and convicted of murder and other crimes in connection with the fatal shooting of Anthony Jones. Following the denial of his motion for new trial, White appeals, contending, among other things, that the trial court applied the wrong standard to the general grounds of his motion. We agree that the trial court applied the wrong standard, and we vacate the denial of the motion and remand for the trial court to reconsider it, applying the correct standard.[1]

1. Although White does not dispute that the evidence is legally sufficient to sustain his convictions, we nevertheless review the record and independently assess the legal sufficiency of the evidence. In doing so, we apply the familiar standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), asking whether any rational trier of fact could find beyond a reasonable doubt from the evidence adduced at trial that White is guilty of the crimes of which he was convicted. See 443 U. S. at 319 (III) (B). As to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and we put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact. See *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013).

So viewed, the evidence in this case shows that, early on the evening of September 8, 2004, Jones and Arlene Long drove to the apartment building in which White's mother lived. White, Marquez

---

[1] Jones was killed on September 8, 2004. White and co-defendants Demario Thornton and Marquez Webb were indicted on December 7, 2004, and all three men were charged with malice murder, felony murder, aggravated assault by shooting Jones with a firearm, aggravated assault by punching, kicking, and hitting Jones with a firearm, and unlawful possession of a firearm during the commission of a felony. Their trial commenced on October 30, 2007, but after the State rested, the case against Webb was severed from the case against White and Thornton, and Webb pled guilty to one count of aggravated assault. The jury returned its verdict on November 8, 2007, finding White guilty on all counts, and finding Thornton guilty of several crimes, but not murder. White was sentenced to a term of imprisonment for life for malice murder, a consecutive term of imprisonment for twenty years for aggravated assault by punching, kicking, and hitting, and a consecutive term of imprisonment for five years for unlawful possession of a firearm during the commission of a felony. The verdict as to felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the aggravated assault by shooting merged into the malice murder. White filed his motion for new trial on November 27, 2007, and he amended it on October 7, 2010, again on December 3, 2010, and yet again on March 31, 2011. The trial court denied the motion on February 27, 2012. White timely filed a notice of appeal on March 16, 2012, and the case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

Webb, and Demario Thornton were outside the apartment, and Jones exited his vehicle and exchanged heated words with Thornton. Webb apparently tried to put an end to the argument, White told Jones to leave, and White's mother called for White to come inside. Then, according to Thornton and Webb,[2] Jones began walking back to his vehicle, and as he did, White took a gun from Thornton, shot Jones in the back, and hit Jones with the gun. At that point, White, Thornton, and Webb all kicked Jones as he lay wounded on the ground. Jones was unarmed when he was shot, and he later died as a result of the gunshot wound. The evidence is legally sufficient to sustain the convictions, inasmuch as it is sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that White is guilty of the crimes of which he was convicted.[3] See *Jackson*, 443 U. S. at 319 (III) (B).

2. Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is "contrary to . . . the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial — commonly known as the "general grounds" — require the trial judge to exercise a "broad discretion to sit as a 'thirteenth juror.' " *Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013). In exercising that discretion, the trial judge must consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. See *Choisnet v. State*, 292 Ga. 860, 861 (742 SE2d 476) (2013). Although the discretion of a trial judge to award a new trial on the general grounds is not boundless — it is, after all, a discretion that "should be

---

[2] Both Thornton and Webb testified at trial. In the middle of the trial, Webb pled guilty to one count of aggravated assault, and the State then called him as a witness. Thornton subsequently testified in his own defense.

[3] Under settled Georgia law, the uncorroborated testimony of a sole accomplice is — standing alone and without more — insufficient to sustain a felony conviction. See former OCGA § 24-4-8. But one accomplice may corroborate another. *Herbert v. State*, 288 Ga. 843, 844 (1) (708 SE2d 260) (2011). To the extent that Thornton and Webb were accomplices of White, the testimony of each corroborated the testimony of the other. See *Handley v. State*, 289 Ga. 786, 786-787 (1) (716 SE2d 176) (2011); *Mitchell v. State*, 274 Ga. 768, 770 (2) (560 SE2d 8) (2002). Moreover, the testimony of Long and other witnesses corroborated the testimony of Thornton and Webb in several respects, including their identification of White as the shooter. Long, for instance, testified that Thornton was not the shooter, and that the shooter had short dreadlocks or braids and answered, "all right, Mama," when a woman called for him to come inside. Other evidence confirmed that Webb had long dreadlocks and that Thornton had his hair cut short. Given this corroborating evidence, the evidence was legally sufficient to sustain the convictions.

exercised with caution [and] invoked only in exceptional cases in which the evidence preponderates heavily against the verdict," *Alvelo v. State*, 288 Ga. 437, 438 (1) (704 SE2d 787) (2011) (citations and punctuation omitted) — it nevertheless is, generally speaking, a substantial discretion.[4] See *State v. Harris*, 292 Ga. 92, 94 (734 SE2d 357) (2012).

Here, White properly raised the general grounds in a timely motion for new trial. It appears, however, that the trial court applied the wrong standard in its consideration of the general grounds, erroneously applying the standard by which a court assesses the legal sufficiency of the evidence. For instance, the trial court explained in its order that it was viewing the evidence "in the light most favorable to [the] verdict," and the trial court explained its rejection of the general grounds in these terms: "The evidence supported the verdict . . . . The evidence was sufficient to support the verdict. . . . [T]he evidence was sufficient under *Jackson v. Virginia* . . . to support the verdict." Nothing in the order of the trial court indicates to us that the trial court performed its "duty to exercise its discretion and weigh the evidence" in its consideration of the general grounds. *Walker*, 292 Ga. at 264 (2) (citations omitted). Instead, its repeated statements that the evidence is sufficient to sustain the verdict "denotes that the trial court failed to apply its discretion, as the determination if there is sufficient evidence to support the verdict is a matter of law, not discretion." *Manuel v. State*, 289 Ga. 383, 386 (2) (711 SE2d 676) (2011) (citations and punctuation omitted). The same is true of the citation to *Jackson* and the statement that the trial court viewed the evidence in the light most favorable to the verdict. *Walker*, 292 Ga. at 264 (2). Accordingly, we can only conclude that the trial court "failed to apply the proper standard in assessing the weight of the evidence as requested by [White] in his motion for new trial." *Manuel*, 289 Ga. at 385 (2) (citation and punctuation omitted). For this reason, we vacate the denial of the motion for new trial, and we remand for the trial court to apply the proper standard to the general grounds and to exercise its discretion to sit as a "thirteenth juror" pursuant to

---

[4] "[W]here, as in this case, the judge who hears the motion for a new trial is not the same judge as the one who presided over the original trial, the discretion of the successor judge is narrower in scope." *State v. Harris*, 292 Ga. 92, 95 (734 SE2d 357) (2012) (citation omitted). That is, when a successor judge sits as a "thirteenth juror" and grants a new trial on the general grounds, we do not give her decision quite as much deference as we might have given a decision by the original judge. But after a thorough review of the case, even a successor judge may exercise a significant discretion to grant a new trial on the general grounds. See id.

OCGA §§ 5-5-20 and 5-5-21.[5] *Choisnet*, 292 Ga. at 862; *Walker*, 292 Ga. at 265; *Manuel*, 289 Ga. at 387 (2); *Alvelo*, 288 Ga. at 439 (2).

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Sheueli C. Wang*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Arthur C. Walton, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General*, for appellee.

---

[5] In light of our decision to vacate the denial of the motion for new trial and remand for further proceedings, it is unnecessary for us to address White's remaining claims of error at this time. *Choisnet*, 292 Ga. at 862; *Walker*, 292 Ga. at 265; *Manuel*, 289 Ga. at 387 (2); *Alvelo*, 288 Ga. at 439 (2).