296 Ga. 678
FINAL COPY

S14A1872.  GOMILLION v. THE STATE.

BENHAM, Justice.

Appellant Michael Gomillion was convicted of murder and related crimes stemming from the shooting death of Clyde Chaney.[1]  For reasons set forth below, the judgment is vacated and the case remanded with direction.

1.  On appeal, we review the evidence in the light most favorable to upholding the jury's verdicts.  On the day of the shooting, Chaney was at a drug or "trap" house run by LaQuincy Bryant and Benny Clay.  Early on in the day, appellant came by looking for Bryant, but Bryant was not at the house.  At

---

[1] The crime occurred on October 22, 2005.  Appellant's first trial resulted in a mistrial.  On February 12, 2008, appellant was re-indicted on charges of malice murder, felony murder (aggravated assault), aggravated assault (of Clyde Chaney), aggravated assault (of Benny Clay), aggravated assault (of LaQuincy Bryant), and possession of a firearm during the commission of a felony.  The indictment also contained a recidivist count, listing appellant's eight prior convictions.  Appellant's second jury trial took place from August 17 to August 21, 2008.  The jury convicted appellant on all charges, and the trial court sentenced appellant to life in prison for malice murder, twenty years each for the aggravated assaults of Clay and Bryant to be served concurrently as to each other and consecutively as to the life sentence for murder, and five years to be served consecutively for possession of a firearm during the commission of a felony. The charge for the aggravated assault of Chaney merged into the malice murder count, and the felony murder count was vacated by operation of law.  Appellant moved for a new trial on September 18, 2008, and amended the motion on January 13, 2011, and June 18, 2013.  The trial court denied the motion for new trial, as amended, on February 14, 2014.  Appellant filed a timely notice of appeal, and the case was docketed to the September 2014 term of this Court.  The case was orally argued on November 3, 2014.

approximately 9:00 p.m. that evening, several people called 911 and reported hearing a gunshot and seeing a man wearing dark clothing and a mask fleeing from the scene. At the time of the shooting, five people were inside the trap house, including Clay, Bryant, and Chaney. However, Clay was the only one to meet police when they arrived because everyone else fled. At trial, Clay testified that he saw appellant (a/k/a "Little Mike") in the back yard of the trap house immediately before the shooting. The shooter fired from outside the house through a window. Chaney was sitting in a chair which was in front of the window and which was positioned in such a way that only the back of Chaney's head would have been visible from the outside. Bryant testified that he usually sat in the chair occupied by Chaney the day of the shooting. In addition, Clay and Bryant testified that Chaney and Bryant had the same dreadlock hairstyle at the time. Clay said that after the shooting, he saw the shooter pull off his mask under a street light and he recognized appellant as the shooter.

Bryant testified that shortly before Chaney's shooting, he had helped someone in the neighborhood named Travis make crack from a large amount of powder cocaine that Travis had stolen. Tamir Harris, who was also a

2

neighborhood drug dealer, testified that Travis had been driving around the neighborhood looking to get rid of the powder cocaine. Harris said he stole some of the cocaine from Travis a few weeks before Chaney's death. Bryant also helped Harris convert his powder cocaine into crack. Harris said appellant had been one of his drug suppliers, but that after he stole the cocaine, he stopped getting his drug supply from appellant. Harris testified appellant soon thereafter started asking him questions about missing drugs. At that point, Harris said he assumed that Travis had stolen the powder cocaine from appellant, and Harris ignored appellant's subsequent requests to meet with him alone. Harris stated that a few days before Chaney was shot, he was outside with some other people when he saw a black car drive past. A few minutes later, Harris said a person wearing dark clothes and a mask jumped out from behind some bushes and shot at him. Harris ran into the house and was not hurt.

Richard Crowley testified that in 2001 he had a dispute with appellant regarding money for a trap house. Hours after their argument, Crowley said he was shot in the back five times. Mary Jane Clark testified that she saw someone wearing dark clothing and a mask shoot Crowley. The State produced evidence that appellant pled guilty and was sentenced to probation for shooting Crowley.

3

Brenda Lanell Duffy-Perry testified that, on the day of the shooting, she saw appellant cleaning a .357 Magnum and loading it with hollow point bullets. Duffy-Perry said she later heard appellant on the telephone saying, "This is what I do to someone who takes from me. Murder, b***h." The ballistics expert testified that the bullet recovered from the victim was a .38 caliber hollow point bullet and could have been fired from a .357 Magnum gun, as well as from a .38 caliber gun.

After police arrested appellant, they impounded the black Chevy Impala he was driving. They contacted the owner of the vehicle and obtained her written consent to search the car. Upon searching the car, the police found a blue ski mask and dark clothing. They also found a tennis shoe in the engine compartment and, in the detective's experience, such compartments were usually used for the covert transport of weapons.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his motion for new trial, appellant challenged his convictions pursuant to the general grounds set forth in OCGA §§ 5-5-20 and 5-5-21, namely that the verdicts were "contrary to evidence and the principles of justice and equity" and were "decidedly and strongly against the weight of the evidence." Here, appellant contends the trial court failed to apply the proper standard of review when it denied his motion for new trial on the general grounds. OCGA §§ 5-5-20 and 5-5-21 "afford the trial court broad discretion to sit as a thirteenth juror and weigh the evidence on a motion for new trial alleging these general grounds." (Citations and punctuation omitted.) Walker v. State, 292 Ga. 262 (2) (737 SE2d 311) (2013). This Court has held:

> When faced with a motion for new trial based on these general grounds, the trial court has the duty to exercise its discretion and weigh the evidence. The trial court does not exercise its discretion when it evaluates the general grounds by applying the standard of Jackson v. Virginia, supra, to a motion for new trial based on the general grounds embodied in OCGA §§ 5-5-20 and 5-5-21. Manuel v. State, 289 Ga. 383, 386 (711 SE2d 676) (2011) (the use of the Jackson v. Virginia appellate standard of review denotes that the trial court failed to apply its discretion, as the determination if there is sufficient evidence to support the verdict is a matter of law, not discretion).

(Citations and punctuation omitted.) Id. at 264.

Here, the motion for new trial hearing transcript clearly shows that appellant requested the trial court to exercise its discretion to review the evidence as a thirteenth juror. In its order denying the motion for new trial, however, the trial court stated that, "The testimony and the other evidence introduced at trial was sufficient for a rational trier of fact to find [appellant] guilty beyond a reasonable doubt." This statement echoes the standard of review found in <u>Jackson v. Virginia</u>[2] which is not the proper standard of review when considering a motion for new trial based on the general grounds. Id. In this case, there is nothing in the order indicating that the trial court exercised its discretion as the thirteenth juror. Likewise, there is nothing in the motion for new trial hearing transcript that overrides the trial court's own statement that it applied a legal standard to a matter requiring its discretion. Accordingly, the order denying the motion for new trial is vacated, and the matter is remanded for the trial court to consider the motion under the proper standard of review.

---

[2] <u>Jackson v. Virginia</u> provides that the relevant inquiry for determining the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U. S. at 319.

Walker, 292 Ga. at 265; White v. State, 293 Ga. 523 (2) (753 SE2d 115) (2013).[3]

Judgment vacated and case remanded with direction. All the Justices concur.


Decided March 2, 2015.

Murder. Muscogee Superior Court. Before Judge Peters.

Michael W. Tarleton, James C. Bonner, Jr., for appellant.

Julia Fessenden Slater, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.

---

[3] In light of this holding, it is unnecessary for this Court to address the remaining enumerations of error at this time. Id.