**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2019**

# In the Court of Appeals of Georgia

A19A0754. GRESHAM v. THE STATE.

BARNES, Presiding Judge.

A jury found Nikario Lannard Gresham guilty of numerous counts, including armed robbery, kidnapping, aggravated assault, burglary, home invasion, and other offenses, and the trial court entered its final disposition. Gresham subsequently filed a motion and amended motion for new trial, which the trial court denied, except as to the second kidnapping count, which it granted. Gresham filed a direct appeal from this order. We, however, lack jurisdiction.[1]

---

[1] In *Ferrell v. State*, Case No. A19A0663, the trial court denied the motion for new trial on certain grounds asserted by Gresham's co-defendant, Ryederius Ferrell, but also granted him a new trial on its own motion as to Count 2, the second kidnapping count, of the indictment. We dismissed the appeal upon finding that with the grant of the motion for new trial as to Count 2, the criminal case remained pending below and Ferrell had failed to use the interlocutory appeal procedures. The State later moved the court to enter a nolle prosequi as to that count because it had no

When the trial court grants a criminal defendant's motion for new trial, the case is not final for purposes of filing a direct appeal. *State v. Ware*, 282 Ga. 676, 677 (653 SE2d 21) (2007). Because Gresham's criminal case remains pending before the trial court, Gresham was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (a criminal case remains pending until the court enters a written judgment of conviction and sentence on each count). Gresham's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. [2]

---

effect on the length of Ferrell's sentence. On January 31, 2019, the trial court entered an order granting the State's motion to nolle pros Count 2. Ferrell then filed a timely notice of appeal from that ruling, challenging the judgment of conviction and the earlier denial of his motion for new trial. The appeal passed on jurisdictional review because the order of nolle pros on the remaining count had the effect of making the denial of the motion for new trial final and appealable. See *Sanders v. State*, 280 Ga. 780, 782 (1) (631 SE2d 344) (2006) (defendant may appeal an order of nolle prosequi as final); OCGA § 5-6-33 (a) (1) ("[T]he defendant in any criminal proceeding in the superior, state, or city courts may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers.")

[2] While it may be that the State also moved the trial court to nolle pros Count 2 of Gresham's conviction, and the order granting such also applied to Gresham's conviction; however, we cannot speculate about such a matter. There is no order to that effect in the record, and we are bound by the record before us. See *State v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001).

*Appeal dismissed. Mercier and Brown, JJ., concur.*