307 Ga. 574
FINAL COPY

S19G0472.  WILKERSON v. THE STATE.

BLACKWELL, Justice.

After he was tried by an Early County jury and found guilty of ten aggravated assaults, Jason Edwin Wilkerson filed a motion for new trial. The trial court granted his motion as to three of the assaults, concluding that the evidence was legally insufficient to prove beyond a reasonable doubt that Wilkerson was guilty of those assaults, and concluding as well that a new trial was warranted upon the "general grounds." The State appealed, and in State v. Wilkerson, 348 Ga. App. 190 (820 SE2d 60) (2018), the Court of Appeals reversed the determination that the evidence was legally insufficient, see id. at 193-196 (1), and vacated the grant of a new trial on the general grounds. See id. at 196-198 (2). With respect to the general grounds, the Court of Appeals acknowledged that a trial court has substantial discretion to award a new trial under the general grounds, see id. at 196-197 (2), but it concluded that the trial

court abused its discretion by improperly conflating the standard for the general grounds and the distinct standard by which the legal sufficiency of the evidence is assessed. See id. at 198 (2). We issued a writ of certiorari to review the decision of the Court of Appeals as to the general grounds, and we now reverse.[1]

The Court of Appeals was right to note that the general grounds and a challenge to the legal sufficiency of the evidence present distinct issues. As we explained in White v. State, 293 Ga. 523, 523-524 (1), (2) (753 SE2d 115) (2013):

> [When we] assess the legal sufficiency of the evidence . . . , we apply the familiar standard of Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), asking whether any rational trier of fact could find beyond a reasonable doubt from the evidence adduced at trial that [the defendant] is guilty of the crimes of which he was convicted. As to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and we put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact. . . . Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is "contrary

---

[1] We decide nothing about the determination of the Court of Appeals that the State presented evidence at trial that was legally sufficient to sustain the verdict.

to . . . the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial — commonly known as the "general grounds" — require the trial judge to exercise a broad discretion to sit as a "thirteenth juror." In exercising that discretion, the trial judge must consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence.

(Citations and punctuation omitted.) But absent some indication in the record to the contrary, we generally presume that trial judges understand this distinction, see <u>Wilson v. State</u>, 302 Ga. 106, 108 (II) (a) (805 SE2d 98) (2017), and here, the record gives us no reason to conclude that the trial court erroneously conflated the general grounds and the legal sufficiency of the evidence. Indeed, in its order granting the motion for new trial, the trial court cited <u>Jackson</u> for the standard by which the legal sufficiency of the evidence is to be assessed, and it cited OCGA §§ 5-5-20 and 5-5-21 for the standard under the general grounds. Separately applying these distinct standards, the trial court concluded that the motion should be granted under *both* standards: "The Court finds that the convictions

3

for Counts 6, 7, and 8 are strongly against the weight of the evidence, are contrary to the evidence and the principles of equity and justice, and there was not sufficient evidence to allow a rational trier of fact to find [Wilkerson] guilty of these Counts." That the trial court announced its separate conclusions in one sentence does not show legal error.

There is nothing in the record to support the determination of the Court of Appeals that the trial court erroneously conflated the standards for the general grounds and the legal sufficiency of the evidence and did not, therefore, properly exercise its discretion under the general grounds.[2] To the extent that the Court of Appeals vacated the grant of a new trial on the general grounds, its judgment is reversed.

Judgment reversed in part. All the Justices concur.

---

[2] It is unclear to us whether the State even challenged the grant of the motion for new trial on the general grounds in the Court of Appeals. Although we need not resolve this uncertainty to decide this case, because the general grounds are distinct from the legal sufficiency of the evidence, we caution lawyers who seek to raise both issues to raise them separately and distinctly.

BETHEL, Justice, concurring.

At the argument of this case, the State suggested that affirming the Court of Appeals' reversal of the trial court's grant of a motion for new trial on the general grounds was warranted because the trial court "got it wrong." Because this argument echoes arguments advanced by the State in recent cases before this Court, see, e.g., *State v. Beard*, 307 Ga. ___ (835 SE2d 273) (2019), I write separately in hopes of briefly clarifying the history, role, and proper review standard applicable to the general grounds.

Since the advent of our collective sovereignty, the people of Georgia have entrusted Judges of the Superior Court with great and extensive powers. From the earliest days of statehood, those powers have included the power to grant a new trial when the judge finds the verdict to be "contrary to evidence and the principles of justice and equity." Robert Watkins and George Watkins, 1799 Watkins Digest of Statutes 707-708 (1800). Indeed, prior to codification, it appears this authority had its roots in the common law. 3 William Blackstone, Commentaries on the Laws of England 387 (1768)

5

(judge authorized to grant new trial "if it appears by the judge's report, certified by the court, that the jury have brought in a verdict without or contrary to evidence, so that he is reasonably dissatisfied therewith"). This authority now can be found in OCGA § 5-5-20, which provides that trial court judges may grant new trials "when the verdict of a jury is found contrary to evidence and the principles of justice and equity." This power was exercised by Judges of the Superior Court without any independent appellate review prior to the establishment of this Court in 1845.

During the earliest terms of this Court's jurisprudence, we had occasion to examine the extent and nature of this power. And we did. See *Peck v. Land*, 2 Ga. 1, 16 (1847) (affirming trial court's denial of new trial); *Hall v. Page*, 4 Ga. 428, 438 (1848) (holding that trial courts were only allowed to set aside a jury verdict if it was "clearly against evidence, or manifestly without evidence") (emphasis omitted); *Stroud v. Mays*, 7 Ga. 269, 273-274 (1849) (reversing grant of new trial where trial court deemed verdict contrary to evidence); *Flournoy v. Newton*, 8 Ga. 306, 312 (1850) (same); *Walker v. Walker*,

6

11 Ga. 203, 205-206 (1852) (same); *Powell v. Bigley*, 14 Ga. 41, 43 (1853) (same); *Williamson v. Nabers*, 14 Ga. 286, 310 (1853) (same, explaining that trial judges cannot set aside verdicts against the weight of evidence "unless the preponderance be so great as to shock the understanding and moral sense" because to do so infringed on the right to trial by jury). Following this earliest appellate consideration of the then-existing statute, the General Assembly, in 1854, buttressed this rule through the enactment of additional language now found in OCGA § 5-5-21, which provides that "[t]he presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." See also Ga. L. 1853-1854, p. 47, § 3. Collectively, OCGA §§ 5-5-20 and 5-5-21 are commonly called the "general grounds" and have been referred to as the "thirteenth juror" rule by the bench and bar of this State. These rules create a weighty and longstanding power designed to provide the trial court with an opportunity to avoid an

7

injustice. As this Court has noted, the general grounds ask whether the trial judge is personally "satisfied" with the jury's verdict. *Manuel v. State*, 289 Ga. 383, 386 (711 SE2d 676) (2011). See also *Mills v. State*, 188 Ga. 616, 623-625 (4) (4 SE2d 453) (1939) (describing motions asserting the general grounds as "an appeal to [the judge's] judicial conscience"). Trial judges retain "the strongest of discretions" when reviewing motions based on the general grounds. *Manuel*, 289 Ga. at 386.

A trial court properly exercises its discretion when it "weigh[s] the evidence and consider[s] the witnesses' credibility and evidentiary conflicts before [exercising] its discretion as the sole arbiter of the general grounds." *Martin v. State*, 306 Ga. 747, 749 (833 SE2d 122) (2019). As this Court explains again in this case, when a trial court properly articulates and applies the legal standard governing the general grounds, we afford great deference to the decision of the trial court. See, e.g., *State v. Denson*, 306 Ga. 795 (833 SE2d 510) (2019); *Morton v. State*, 306 Ga. 492 (831 SE2d 740) (2019); *State v. Hamilton*, 299 Ga. 667, 670 (791 SE2d 51)

8

(2016). Cf. *Manuel*, 289 Ga. at 385-386 (merely issuing an order in response to a motion predicated on the general grounds does not fulfill this requirement when "the language in the order fails to indicate that the trial court . . . exercis[ed] its discretion under the applicable standard"). The general grounds authorize a trial court to grant a new trial even if the evidence is legally sufficient to sustain the verdict, and trial courts err when they conflate these two concepts. *State v. Holmes*, 304 Ga. 524, 531-532 (820 SE2d 26) (2018); *White v. State*, 293 Ga. 523, 524 (753 SE2d 115) (2013); *Manuel*, 289 Ga. at 386-387.

This deference flows from a proper consideration of the nature of proper appellate review and *not* from a lack of appreciation for the severity and attendant costs associated with the exercise of this power to grant a new trial. Indeed, we have consistently recognized that trial courts *ought* to be exceptionally wary of undoing the work of a jury. See *White*, 293 Ga. at 524-525. But, because this authority is vested in the trial court and necessarily involves questions of fact and the independent weighing of evidence, we must decline to

9

substitute our judgment for the judgment of the trial court.

DECIDED DECEMBER 23, 2019.
Certiorari to the Court of Appeals of Georgia — 348 Ga. App. 190.

*Christina R. Cribbs, Veronica M. O'Grady*, for appellant.

*T. Craig Earnest, District Attorney, Thomas S. Bishop, Assistant District Attorney*, for appellee.