**FIFTH DIVISION**
**MCMILLIAN, P. J.,**
**REESE and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **http://www.gaappeals.us/rules**

**March 30, 2020**

# In the Court of Appeals of Georgia

A20A0107. SMITH v. THE STATE.

REESE, Judge.

A jury found Sheila Smith guilty of aggravated battery, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony.[1] On appeal, Smith argues that the evidence was insufficient to support her convictions, the trial court erred in denying her motion for new trial, the trial court plainly erred in admitting the victim's medical records, and trial counsel provided ineffective assistance. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the verdict,[2] the evidence showed that Smith went to victim Brandi Brewer's apartment looking for Smith's boyfriend.

---

[1] See OCGA §§ 16-5-24 (a); 16-5-21 (a) (2); 16-11-106 (b) (1).

[2] See *Garner v. State*, 346 Ga. App. 351, 353 (1) (816 SE2d 368) (2018).

Brewer and her then-boyfriend, Dwayne Mack, occupied one apartment in the house, and Smith's boyfriend occupied another unit. Mack and Brewer told Smith that her boyfriend was not there, and asked her to leave or they would call the police. Smith left but came back approximately 15 minutes later, again asking for her boyfriend. Mack and Brewer responded that he was not there. Mack and Brewer left the apartment at the same time as Smith, intending to go to a nearby store. Smith was about five to ten feet in front of Brewer. Smith then turned around and shot Brewer in the face.

The jury convicted Smith on all counts. The trial court sentenced Smith to 25 years, with 10 years to be served in confinement, 10 years on probation, and a five-year suspended sentence. Smith filed a motion for new trial, which the trial court denied, and this appeal followed.

> [I]n evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. We will, then, uphold a jury's verdict so long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case.[3]

---

[3] *Garner*, 346 Ga. App. at 353-354 (1) (punctuation and footnotes omitted).

With these guiding principles in mind, we now turn to Smith's specific claims of error.

1. Smith argues that the evidence was insufficient to support her convictions. Specifically, she contends that the State failed to present sufficient evidence to identify her as the person who shot Brewer.

At trial, both Mack and Brewer identified Smith as the shooter. Mack and Brewer also testified that they previously saw Smith visit her boyfriend at the apartment. Prior to trial, however, Mack was not able to identify Smith from a photographic lineup. Brewer was able to identify Smith from a photographic lineup prior to trial, but she told the investigator that she was only "seven out of ten sure."

"A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification."[4] "Challenges to in-court identifications must be made through cross-examination."[5] A challenge to an in-court identification,

---

[4] *Jackson v. State*, 335 Ga. App. 500, 502 (1) (782 SE2d 287) (2016) (citation and punctuation omitted).

[5] Id. (citation and punctuation omitted).

including any inconsistency between an in-court and pretrial identification, go only to the weight and credibility of the testimony, which is solely a question for the jury.[6]

"The testimony of a single witness is generally sufficient to establish a fact."[7] In this case, both Mack and Brewer identified Smith as the shooter. Any inconsistency between this testimony and their pretrial identifications was for the jury to resolve.[8] Thus, there was sufficient evidence for the jury to determine that Smith was the shooter.[9]

2. Smith argues that the trial court erred in denying her motion for new trial. She contends that the court should have granted the motion under its discretion as the "[t]hirteenth [j]uror."

> Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is contrary to the principles of justice and equity, or if the verdict is decidedly and strongly against the weight of the evidence. When properly raised in a timely motion, these grounds for a new trial — commonly known as the "general grounds" — require the trial judge to

---

[6] See id.; *Pitts v. State*, 323 Ga. App. 770, 772 (1) (747 SE2d 699) (2013).

[7] OCGA § 24-14-8.

[8] See *Pitts*, 323 Ga. App. at 772 (1).

[9] See *Jackson*, 335 Ga. App. at 502-504 (1)-(2).

exercise a broad discretion to sit as a "thirteenth juror." In exercising that discretion, the trial judge must consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence.[10]

Appellate courts do "not sit as . . . arbiter[s] of the general grounds, which are solely within the discretion of the trial court."[11] In this case, the trial court denied Smith's motion for new trial after reviewing the record and the evidence offered at the motion for new trial hearing. There is nothing in the record to suggest that the trial court did not properly exercise its discretion, and without more, we assume that the trial court applied the correct standard in upholding the verdict.[12] "The court did not state the incorrect standard in its order, and nothing in the record indicates that the court was unaware of its responsibility."[13] Accordingly, this claim is without merit.

---

[10] *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013) (citations and punctuation omitted).

[11] *Strother v. State*, 305 Ga. 838, 843 (3) (828 SE2d 327) (2019) (citation and punctuation omitted).

[12] See *Price v. State*, 305 Ga. 608, 613 (3) (825 SE2d 178) (2019).

[13] Id. (citation and punctuation omitted).

3. Smith argues that the trial court plainly erred in admitting Brewer's medical records. She contends that the records did not satisfy the business records exception to the hearsay rule under OCGA § 24-8-803 (6), because the State did not present an appropriate certification or testimony from the records custodian at trial.

Because Smith did not object to the admission of these records at trial, we review only for plain error.[14] In order to show plain error:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[15]

---

[14] See *Gates v. State*, 298 Ga. 324, 326 (3) (781 SE2d 772) (2016) (applying the plain error standard to unobjected-to evidentiary rulings); see also OCGA § 24-1-103 (d).

[15] *Gates*, 298 Ga. at 327 (3) (citation and punctuation omitted).

In this case, Smith cannot satisfy the third prong of the plain error test, that is, "an affirmative showing that the error probably did affect the outcome below."[16] Brewer testified directly as to her injuries, rendering much of the evidence contained in the records cumulative. More importantly, Smith's defense at trial did not challenge whether Brewer was shot or the extent of Brewer's injuries. Rather, Smith's trial counsel argued that there was reasonable doubt that Smith was the shooter. Thus, the admission of Brewer's medical records did not affect the outcome below, and the trial court did not plainly err in admitting the evidence.[17]

4. Smith argues that her trial counsel provided ineffective assistance by failing to object to the admission of Brewer's medical records.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[18] The criminal

---

[16] *Gates*, 298 Ga. at 327 (3) (citation and punctuation omitted).

[17] See id. at 327-328 (3); see also *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011) ("Satisfying all four prongs of [the plain error] standard is difficult, as it should be.") (citation and punctuation omitted).

[18] *Strickland v. Washington*, 466 U. S. 668, 690 (III) (A) (104 SCt 2052, 80 LE2d 674) (1984).

7

defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [The appellate court] accept[s] the trial court's factual findings and credibility determinations unless clearly erroneous, but . . . independently appl[ies] the legal principles to the facts.[19]

"Failure to satisfy both requirements is fatal to an ineffectiveness claim."[20]

As explained in Division 3 above, "there is no reasonable likelihood that the outcome of the trial would have been different had counsel made the proper objection."[21] Thus, Smith fails to satisfy the prejudice prong of the *Strickland* test.

*Judgment affirmed. McMillian, P. J., and Markle, J., concur.*

---

[19] *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003) (citations and punctuation omitted).

[20] *Everhart v. State*, 337 Ga. App. 348, 353 (3) (786 SE2d 866) (2016) (citation and punctuation omitted).

[21] *Ardis v. State*, 290 Ga. 58, 63 (2) (b) (718 SE2d 526) (2011).