**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 15, 2020**

# In the Court of Appeals of Georgia

A18A1253. THE STATE v. WILKERSON.

BROWN, Judge.

In *State v. Wilkerson*, 348 Ga. App. 190 (820 SE2d 60) (2018) ("*Wilkerson I*"), this Court vacated the trial court's grant of a new trial to Jason Edwin Wilkerson on the general grounds, finding that the trial court abused its discretion by improperly conflating the standard for the general grounds and the distinct standard by which the legal sufficiency of the evidence is assessed. Id. at 197-198 (2). In *Wilkerson v. State*, 307 Ga. 574 (837 SE2d 300) (2019) ("*Wilkerson II*"), the Supreme Court reversed in part our decision and concluded that there was nothing in the record to support a determination that the trial court erroneously conflated the two standards, and "did not, therefore, properly exercise its discretion under the general grounds." Id. at 575. We now vacate Division 2 of our earlier opinion and in place of that Division we

adopt as our own the Supreme Court's opinion in *Wilkerson II*. Accordingly, the judgment of the trial court, granting Wilkerson's motion for new trial on the general grounds, is affirmed.[1]

*Judgment affirmed in part and reversed in part. Miller, P. J., and Pipkin, J., concur.*

---

[1] In Division 1 of *Wilkerson I*, this Court also reversed the trial court's determination that there was insufficient evidence supporting three of the five counts of aggravated assault with a deadly weapon for which Wilkerson was convicted. 348 Ga. App. at 193-196 (1). In *Wilkerson II*, the Supreme Court stated that it "decide[d] nothing about the determination of the Court of Appeals that the State presented evidence at trial that was legally sufficient to sustain the verdict." 307 Ga. at 574, n.1. "Because the Supreme Court neither addressed nor considered Division 1 of our opinion in [*Wilkerson I*], and that Division is not inconsistent with the Supreme Court's own opinion, Division 1 becomes binding upon the return of the remittitur." (Citation and punctuation omitted.) *Ashley v. State*, 340 Ga. App. 539, 540 (798 SE2d 235) (2017). Similarly, because the Supreme Court neither addressed nor considered Division 3 of our opinion in *Wilkerson I*, finding that the State had no right to appeal the trial court's modification of Wilkerson's sentences on Counts 4, 5, 9, 10, 11, 12, and 13, that division also becomes binding upon the return of the remittitur.